FORET, Judge.
Plaintiff, Judy McDaniel, appeals from a judgment of the district court rejecting her demand that the Town of Krotz Springs be ordered to grant her a local beer and liquor permit. The issue on appeal is whether the trial court erred when it found that the plaintiff failed to follow the correct application procedure, an issue which was not contested by the Town of Krotz Springs.
On April 20, 1982, Judy McDaniel purchased real estate within the corporate limits of the Town of Krotz Springs, Louisiana. Subsequently, she began operating a business at this location known as “Judy’s Game Room”, which was an arcade-type business with video games and a juke box. The only beverages sold at the game room were cold drinks and coffee.
After several months of operating her business, plaintiff began having thoughts about getting a beer and liquor permit. She contacted the town clerk, who instructed her on the customary method of obtaining a license in Krotz Springs. Pursuant to the instructions given her, plaintiff placed a required notice in a local newspaper and appeared at a town meeting to orally make her application. She was instructed that the matter would be taken up at a continued town meeting so that any
* Judge William A. Culpepper, Retired, Judge Ad Hoc. persons wishing to object to the issuance would be able to air their views.
The continued town meeting occurred on April 26, 1983. At the meeting were a group of local citizens, who presented a petition objecting to the issuance of the license. Also present were citizens who supported the granting of the license. After hearing arguments on both sides, the Town Council denied plaintiffs application and so notified her by mail on the following day. No reason, however, was given by the Council for their refusal.
On May 9, 1983, plaintiff filed a petition for appeal with the 27th Judicial District Court, praying that the Town of Krotz Springs be ordered to issue the beer and liquor permit[1]. The Town answered the petition for appeal, and for the first time, stated the reasons for denying the permit. These reasons were:
“6.
The defendant Town of Krotz Springs, contends that the denial of plaintiff’s alcoholic beverage permit is proper because the granting of same is within the control and discretion of the Town Council of Town of Krotz Springs.
7.
Additionally, the granting of an alcoholic license to petitioner would create traffic *876 problems, and would lead to an erosion of the residential character of the area.
8.
The denial of the requested permit was further brought about, but not exclusively, because of the large protest registered by residents of the area, and the maintaining of the integrity of the neighborhood is a valid basis for exercising legislative discretion.”
After a trial on the merits, the trial court ruled in favor of the Town on the grounds that plaintiff failed to follow the application procedures set out in the Town’s municipal ordinance. More specifically, the court found that the applicant failed to file a written application and did not possess the premises for which the license was to be issued[2]-.
In her appeal to this Court, plaintiff argues that the district court erred in that the reasons upon which the denial was based were never contested by the Town of Krotz Springs. We agree.
Chapter 13 of the Town of Krotz Springs’ Municipal Ordinance deals with “liquor and alcoholic beverages”. Section 13:2 provides:
“SECTION 13:2. CONTENT OF APPLICATION FOR PERMIT
Applications for state and local permits to engage in any business or operation regulated by this Chapter shall be in writing and sworn to, and shall contain the full name of the applicant, his correct home address, and an accurate description and correct address of the premises wherein the business or operation is to be conducted, which address shall be considered the proper address for all notices to the applicant or permittee required by this Chapter, and shall be accompanied by an affidavit of the applicant showing that he meets qualifications and conditions set out in Section 13:4.
Unless he is seeking a renewal of his permit, an applicant for a retail dealer’s permit shall attach to his application, as a part thereof, a certificate of publication by the publisher of the newspaper, showing the publication of the notice required in LRS 26:76.
(LRS 26:77)
Comment — As indicated by the source note, the provisions of Section 13:2 and several of the following Sections in this Chapter were not derived from local ordinances but from the Louisiana Revised Statutes. Since these statutes are self-operative and supplement the provisions of this Part, they were included herein at the direction of the Mayor and Board of Aldermen.”
Section 13:3 provides;
“SECTION 13:3. QUALIFICATIONS OF APPLICANTS FOR PERMITS
A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions:
[[Image here]]
3. Is the owner of the premises or has a bona fide written lease therefor.”
The record shows that the Town has never required a written application from any other applicant in the past, nor has it required a detailed drawing to prove possession of the premises. The only requirement made by the Town was that the applicant notify the public of his/her intention in the local newspaper; and this requirement was fulfilled by the plaintiff. In other words, the Town did not require its applicants to follow its own ordinance. This is obviously why these grounds for denial were not urged in the Town’s answer. We find that the Town impliedly waived its requirements of a written application and drawing of location[3], and the trial court erred in denying plaintiff’s permit on these grounds.
The grounds for denial urged by the Town in its answer were found to be inade *877 quate by the trial court. The Town has not contested this finding on appeal. Therefore, we do not reach the issue of whether the grounds urged in the answer were substantial enough to deny plaintiff her permit.
Accordingly, the judgment of the trial court rejecting plaintiffs demand is reversed and set aside, and,
IT IS ORDERED, ADJUDGED AND DECREED that the Mayor and Town Council of the Town of Krotz Springs, or any other official designated by the Mayor and/or Town Council to issue such a permit, issue to plaintiff, Judy McDaniel, a local beer and liquor permit authorizing her to sell liquor and alcoholic beverages at retail[4].
All costs at the district court level and appellate level are assessed against the Town of Krotz Springs.
REVERSED AND RENDERED.
CULPEPPER, J., concurs and assigns written reasons.

. LSA-R.S. 26:104 provides:
"§ 104. Appeals to courts
Any party aggrieved by a decision of the board to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard. When there has been a previous criminal prosecution for the same or similar act upon which the refusal, suspension or revocation of a permit is being considered, evidence of an acquittal in a court of competent jurisdiction is admissible in the trial of the appeal.
Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the board or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper-jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decision of the board or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the board or local authorities shall not be voided if the board or local authorities take an appeal to the Court of Appeals in the time provided for suspensive appeals.” (Emphasis provided.)

. The trial court found that because the applicant did not file a written drawing of her location, she did not prove that she possessed the premises for which the license was to be issued.

. We are assuming for the sake of argument that one must show a drawing of his location to prove "possession” of the premises.

. We note that although we are ordering the issuance of a local beer and liquor permit to the plaintiff, she still must obtain a state permit to sell alcoholic beverages at her business establishment. LSA-R.S. 26:71; R.S. 26:74.